UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

------------------------------------------------------------ X
**JAIME GUTIERREZ and RAMON GUTIERREZ, on behalf of themselves and all others similarly situated who were employed by Tryax Realty Management, Inc., 1027 Wallco L.L.C., Michael Schmelzer, Matthew Schmelzer, Miguel Leon, and Cesar Maldonado,**

                      **Plaintiffs,**
    - against -

**TRYAX REALTY MANAGEMENT, INC., 1027 WALLCO L.L.C., MICHAEL SCHMELZER, MATTHEW SCHMELZER, MIGUEL LEON, and CESAR MALDONADO,**

                      **Defendants,**
------------------------------------------------------------ X

**Civil Action**

**Index No.:** 17-CV-6752

**Jury Trial Demanded**

## COLLECTIVE ACTION COMPLAINT

Plaintiffs Jaime Gutierrez ("J. Gutierrez") and Ramon Gutierrez ("R. Gutierrez") (the "Named Plaintiffs"), individually and on behalf of all others similarly situated (collectively "Plaintiffs"), by and through their attorneys, Arenson, Dittmar & Karban, as and for their Complaint against Tryax Realty Management, Inc. ("Tryax"), 1027 Wallco L.L.C. ("Wallco") (the "Corporate Defendants"), Michael Schmelzer, Matthew Schmelzer, Miguel Leon ("Leon"), and Cesar Maldonado ("Maldonado") (the "Individual Defendants") (collectively, the "Defendants"), allege upon personal knowledge as to themselves and upon information, belief and investigation of counsel as to all other matters as follows:

## NATURE OF THE ACTION

1. This action arises out of Defendants' failure to pay overtime wages and other monies, as required by the Fair Labor Standards Act, 29 U.S.C. §§ 201 et seq. ("FLSA"), and the supporting regulations of the United States Department of Labor, 29 C.F.R. §§ 531 et seq.; the New York Labor Law, N.Y. Lab. Law § 190, et seq., § 650 et seq. ("NYLL"); the supporting New York State Department of Labor Regulations, Parts 141 and 142 of Title 12 of the New York Codes, Rules and Regulations, 12 N.Y.C.R.R. §§ 141 - 142 ("NYCRR").

2. Plaintiffs have initiated this action seeking compensation due to them under the FLSA and NYLL, including overtime wages, spread-of-hours compensation, penalties for violations of the Wage Theft Prevention Act, liquidated damages, interest, attorneys' fees, and costs.

## JURISDICTION AND VENUE

3. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331 and 1337, and supplemental jurisdiction over Plaintiffs' state law claims pursuant to 28 U.S.C. § 1367. In addition, the Court has jurisdiction over Plaintiffs' claims under the FLSA pursuant to 29 U.S.C. § 216(b).

4. Venue is proper in the Southern District of New York pursuant to 28 U.S.C. § 1391(b), because all or a substantial part of the events or omissions giving rise to the claims occurred in the Southern District of New York

5. This Court is empowered to issue declaratory relief under 28 U.S.C. §§ 2201 and 2202.

# **PARTIES**

### PLAINTIFFS

6. Plaintiff J. Gutierrez is and was at all relevant times an adult individual residing in Bronx, New York.

7. Plaintiff J. Gutierrez is and was at all relevant times an "employee" of Defendants within the meaning contemplated in the FLSA and NYLL.

8. Plaintiff R. Gutierrez is and was at all relevant times an adult individual residing in Bronx, New York.

9. Plaintiff R. Gutierrez is and was at all relevant times an "employee" of Defendants within the meaning contemplated in the FLSA and NYLL.

### DEFENDANTS

10. Upon information and belief, Defendant Tryax is a business incorporated in the State of New York, with its principal place of business at 1476 Walton Avenue, Bronx, New York 10452.

11. Upon information and belief, Defendant Wallco is a business incorporated in the State of New York, with its principal place of business at 1027 Walton Avenue, Bronx, New York 10452.

12. The Corporate Defendants share the same New York State Department of State Process address, 60 Cuttermill Road, Suite 208, Great Neck, New York, 11021.

13. Upon information and belief, at all relevant times the Corporate Defendants have had revenues and/or transacted business in an amount exceeding $500,000 annually.

14. Upon information and belief, Defendant Michael Schmelzer is a resident of the State of New York and at all relevant times was the Chief Executive Officer and/or owner of the Corporate Defendants.

15. Upon information and belief, Defendant Matthew Schmelzer is a resident of the State of New York and at all relevant times was an officer, director and/or owner of the Corporate Defendants.

16. Upon information and belief, Defendant Leon is a resident of the State of New York and at all relevant times was a senior manager for the Corporate Defendants.

17. Upon information and belief, Defendant Maldonado is a resident of the State of New York and at all relevant times was a manager for the Corporate Defendants.

18. Upon information and belief, at all relevant times the activities of the Corporate Defendants constitute an "enterprise," within the meaning of Sections 3(r) and 3(s) of the FLSA, 29 U.S.C.§§ 203(r), (s).

19. Upon information and belief, the Corporate Defendants constitute an "enterprise engaged in commerce" within the meaning contemplated pursuant to 29 U.S.C. § 201 et seq., and the cases interpreting it.

20. Upon information and belief, the Corporate Defendants operated together as a "single integrated enterprise" with a common business purpose, utilizing the same business practices, policies, administrative office, New York State Department of State process address, and employees.

21. Upon information and belief, the businesses of the Corporate Defendants are interrelated, and the business activities of the Corporate Defendants are related activities.

22. Upon information and belief, the business activities of the Corporate Defendants are performed through a unified operation, under the common control of Defendants Tryax, Michael Schmelzer and Matthew Schmelzer.

23. Upon information and belief, the business activities of the Corporate Defendants are performed for a common business purpose.

24. Upon information and belief, the Individual Defendants made the decisions for the Corporate Defendants, including decisions regarding hiring, firing, work assignment and schedules, determining the rate and method of employee pay, maintaining employment records, and all other administrative and company policy matters.

25. Upon information and belief, the Individual Defendants managed, supervised, and directed, and continue to manage, supervise and direct, the business and operations of the Corporate Defendants, either directly or through agents.

## COLLECTIVE ALLEGATIONS

26. The Named Plaintiffs bring this action against Defendants as a collective action pursuant to the F.L.S.A., 29 U.S.C. § 216(b), on behalf of themselves and all other similarly-situated current and former non-exempt employees who have worked, and/or continue to work, for Defendants at any time during the six years prior to the filing of this action through the entry of judgment in this action (the "FLSA Collective").

27. At all relevant times, the Named Plaintiffs and the FLSA Collective have been similarly situated, have had substantially similar job requirements, have been governed by similar pay practices and have been subjected to Defendants' decisions, policies, plans, programs, practices, procedures, protocols, routines, and rules, all culminating in a willful failure and refusal to pay them, among other things, overtime compensation.

28. Defendants are liable under the FLSA for, inter alia, failing to properly compensate Plaintiffs and the FLSA Collective, and as such, notice should be sent to the FLSA Collective pursuant to 29 U.S.C. § 216(b).

29. The FLSA Collective consists of numerous similarly-situated current and former employees of Defendants who were subject to the conduct complained of herein and who would benefit from the issuance of a court-supervised notice of the present lawsuit and the opportunity to join the action. Those similarly-situated employees are known to Defendants, are readily identifiable, and can be located through Defendants' records.

## STATEMENT OF FACTS

### FACTS COMMON TO ALL PLAINTIFFS

30. Upon information and belief, at all relevant times, Defendants acted as Plaintiffs' "employers", within the meaning contemplated pursuant to 29 U.S.C. § 203(d).

31. Upon information and belief, at all relevant times, Plaintiffs were and continue to be, "employees" of Defendants, within the meaning contemplated pursuant to 29 U.S.C. § 203(e).

32. Upon information and belief, as part of their regular business practices, Defendants have violated the FLSA and the NYLL by:

    a. willfully failing to pay Plaintiffs any overtime compensation at the rate of one and one half times the regular rate of pay for work in excess of forty (40) hours per workweek;

    b. willfully failing to pay Plaintiffs any spread-of-hours pay;

    c. willfully failing to keep accurate and adequate records of Plaintiffs' work hours and pay as required by the FLSA and NYLL.

**PLAINTIFF JAIME GUTIERREZ**

33. Plaintiff J. Gutierrez has been employed by Defendants since approximately February 2, 1998.

34. Plaintiff J. Gutierrez works for Defendants as a porter/handyman at 1027 Walton Avenue, Bronx, NY.

35. At all relevant times, Plaintiff J. Gutierrez has not resided at 1027 Walton Avenue.

36. Plaintiff J. Gutierrez was not and is not the "designated janitor" for the 1027 Walton Avenue building within the meaning contemplated in 12 N.Y.C.R.R. § 141.

37. Plaintiff J. Gutierrez typically worked Monday through Friday, working from approximately 7:00 a.m. to approximately 5:00 p.m. for approximately three days and from approximately 7:00 a.m. to approximately 5:30 p.m. on the other two days. Plaintiff J. Gutierrez also typically worked Saturdays, 7:00 a.m. to 11:30 a.m., as well as approximately 2.5 hours on Sundays.

38. From approximately September 1, 2011 through approximately September 16, 2011, Defendants paid Plaintiff J. Gutierrez approximately $451.25 per week for all hours worked.

39. From approximately September 17, 2011 through approximately August 2012, Defendants paid Plaintiff J. Gutierrez approximately $461.25 per week for all hours worked.

40. From approximately September 2012 through approximately August 2013, Defendants paid Plaintiff J. Gutierrez approximately $471.25 per week for all hours worked.

41. From approximately September 2013 through approximately August 2014, Defendants paid Plaintiff J. Gutierrez approximately $481.25 per week for all hours worked.

42. From approximately September 2014 through approximately December 2015, Defendants paid Plaintiff J. Gutierrez approximately $496.25 per week for all hours worked.

43. From approximately January 2016 through approximately March 2016, Defendants paid Plaintiff J. Gutierrez approximately $506.25 per week for all hours worked.

44. From approximately April 2016 through approximately January 2017, Defendants paid Plaintiff J. Gutierrez approximately $526.25 per week for all hours worked.

45. From approximately February 2017 to date, Defendants have paid Plaintiff J. Gutierrez approximately $546.25 per week for all hours worked.

46. Throughout his employment, Plaintiff J. Gutierrez was only provided with one short meal break per day that was on average approximately 15-minutes long. At times, Plaintiff J. Gutierrez took no meal break due to the demands of work.

47. Throughout his employment, Defendants failed to pay Plaintiff J. Gutierrez any overtime compensation for hours worked in excess of forty (40) per week as required by FLSA and NYLL.

48. Throughout his employment Defendants failed to pay Plaintiff J. Gutierrez any spread-of-hours compensation as required by the NYLL.

49. Throughout his employment, Defendants failed to provide Plaintiff J. Gutierrez with the adequate documentation required under the Wage Theft Prevention Act.

### PLAINTIFF RAMON GUTIERREZ

50. Plaintiff R. Gutierrez has been employed by Defendants since approximately October 1998.

51. Plaintiff R. Gutierrez worked for Defendants as a porter at three separate buildings, 1475 Walton Avenue; 1478 Walton Avenue; 1454 Walton Avenue.

52. All of these buildings – 1475 Walton Avenue, 1478 Walton Avenue, and 1454 Walton Avenue – are managed and/or owned by one or more of the Defendants.

53. At all relevant times, Plaintiff R. Gutierrez has not resided in any of the buildings in which he has worked while employed by the Defendants.

54. Plaintiff R. Gutierrez was not and is not the "designated janitor" in any of the buildings in which he has worked, within the meaning contemplated in the 12 N.Y.C.R.R. § 141

55. Since approximately June 2010, Plaintiff R. Gutierrez typically worked 5 days a week, from approximately 7:00 a.m. to approximately 5:30 p.m. with his days off alternating between Saturday and Sunday one week, and Wednesday and Friday the next.

56. Plaintiff R. Gutierrez also worked every other week on the weeks in which he had Friday off, from approximately 7:00 a.m. to 11:00 a.m. on Friday. Defendants suffered or permitted this work by Plaintiff R. Gutierrez.

57. From approximately September 1, 2011 through approximately September 2012, Defendants paid Plaintiff R. Gutierrez approximately $470 per week for all hours worked.

58. From approximately October 2012 through approximately December 2013, Defendants paid Plaintiff R. Gutierrez approximately $480 per week for all hours worked.

59. From approximately January 2014 through approximately October 2014, Defendants paid Plaintiff R. Gutierrez approximately $495 per week for all hours worked.

60. From approximately November 2014 through approximately March 2016, Defendants paid Plaintiff R. Gutierrez approximately $510 per week for all hours worked.

61. From approximately April 2016 through approximately February 2017, Defendants paid Plaintiff R. Gutierrez approximately $603 per week for all hours worked.

62. From approximately March 2017 to date, Defendants have paid Plaintiff R. Gutierrez approximately $624 per week for all hours worked.

63. Throughout his employment, Plaintiff R. Gutierrez was only provided with one short meal break per day that was on average approximately 15-minutes long. At times, Plaintiff R. Gutierrez took no meal break due to the demands of work.

64. Throughout his employment, Defendants failed to pay Plaintiff R. Gutierrez any overtime compensation for hours worked in excess of forty (40) per week as required by FLSA and NYLL.

65. Throughout his employment Defendants failed to pay Plaintiff R. Gutierrez any spread-of-hours compensation as required by the NYLL.

66. Throughout his employment, Defendants failed to provide Plaintiff R. Gutierrez with the adequate documentation required under the Wage Theft Prevention Act.

## FIRST CAUSE OF ACTION

## FLSA – UNPAID OVERTIME

67. Plaintiffs repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

68. The overtime wage provisions set forth in FLSA, 29 U.S.C. §§ 201 et seq., and its supporting federal regulations, apply to Defendants and protect Plaintiffs.

69. Pursuant to the FLSA, 29 U.S.C § 207, "no employer shall employ any of his employees who in any workweek is engaged in commerce or in the production of goods for commerce, or is employed in an enterprise engaged in commerce or in the production of

goods for commerce, for a workweek longer than forty hours unless such employee receives compensation for his employment in excess of the hours above specified at a rate not less than one and one-half times the regular rate at which he is employed."

70. Defendants' violations of the FLSA, as described in this Complaint, have been willful and intentional. The Defendants have not made a good-faith effort to comply with the FLSA with respect to their compensation of Plaintiffs.

71. Because of the Defendants' willful violations of the FLSA, a three-year statute of limitations applies to such violations pursuant to 29 U.S.C. § 255.

72. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts as well as, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to 29 U.S.C. § 216(b).

## SECOND CAUSE OF ACTION

## NYLL – UNPAID OVERTIME

73. Plaintiffs repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

74. The overtime provisions of Article 19 of the NYLL and its supporting regulations apply to Defendants and protect Plaintiffs.

75. The regulations accompanying the New York Labor Law, N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.2, require an employer to pay an employee overtime "at a wage rate of one and one-half times the employee's regular rate."

76. The New York Labor Law, N.Y. LAB. LAW § 663, provides that "[i]f any employee is paid by his employer less than the wage to which he is entitled under the provisions of

this article, he may recover in a civil action the amount of any such underpayments, together with costs and such reasonable attorney's fees.

77. Plaintiffs regularly worked hours in excess of forty (40) each week, while working for Defendants.

78. Defendants failed to pay Plaintiffs overtime compensation at a rate of not less than one and one-half times their regular rate of pay for all hours worked in excess of forty (40) each week, as required by the NYLL.

79. Defendants' failure to pay the required overtime wages as set forth above was willful within the meaning of §§ 198 and 663 of the New York Labor Law.

80. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of overtime compensation in amounts to be determined at trial, and are entitled to recovery of such amounts as well as, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to the New York Labor Law, N.Y. Lab. Law § 650 et seq.

## THIRD CAUSE OF ACTION

## NYLL – SPREAD OF HOURS PAY

81. Plaintiffs repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

82. Pursuant to 12 N.Y.C.R.R. § 142-2.4, Defendants were required to pay Plaintiffs an extra hour of pay for any split-shift or day in which Plaintiffs' "spread of hours" exceeds 10 hours. The relevant spread is the time between the beginning and the end of an employee's work day including all working time, time off for meals, and time off duty, as defined by 12 N.Y.C.R.R. § 142-2.18.

83. Plaintiffs worked shifts with a spread of hours in excess of 10 hours per day but were never paid the required extra hour of pay on each day on which they worked over 10 hours.

84. Defendants failed to maintain proper employment records as required by N.Y. COMP. CODES R. & REGS. tit. 12, § 142-2.6 and N.Y. LAB. LAW §§ 195(4) and 661.

85. Defendants' failure to pay the required wages as set forth above was willful within the meaning of N.Y. LAB. LAW §§ 198 and 663.

86. As a result of the unlawful acts of Defendants, Plaintiffs have been deprived of their spread-of-hours wages in amounts to be determined at trial, and are entitled to recovery of such amounts, liquidated damages, prejudgment interest, attorneys' fees, costs, and other compensation pursuant to N.Y. Lab. Law § 650 et seq.

## FOURTH CAUSE OF ACTION

## NYLL – WAGE THEFT PREVENTION ACT

87. Plaintiffs repeat, re-allege and incorporate by reference the foregoing allegations as if set forth fully and again herein.

88. N.Y. Lab. Law § 195 (1) requires that employers furnish employees at the time of hire a notice containing, among other things, the rate or rates of pay and the basis thereof; the regular pay day designated by the employer, the name of the employer; any "doing business as" names used by the employer; the address of the employer's main office or principal place of business and the telephone number of the employer.

89. N.Y. Lab. Law § 195 (3) requires that employers furnish each employee with a statement with every payment listing gross wages, deductions and net wages, and upon request of an employee, an explanation of the computation of wages.

90. N.Y. Lab. Law § 195 (4) requires, among other things, that employers establish and maintain, for at least six (6) years payroll records showing the hours worked, gross wages, deductions and net wages for each employee.

91. N.Y. Lab. Law § 661 requires that Defendants maintain, inter alia, true and accurate records of hours worked by each employee covered by an hourly minimum wage rate, and the wages paid to all employees.

92. 12 N.Y.C.R.R. § 142-2.6 requires Defendants to establish, maintain and preserve, for six (6) years, weekly payroll records showing, inter alia, each employee's name, wage rate, number of hours worked daily and weekly, amount of gross and net wages, deductions from gross wages, and any allowances claimed as part of the minimum wage.

93. 12 N.Y.C.R.R. § 142-2.7 requires Defendants to furnish each employee with a statement with every payment of wages, listing hours worked, rates paid, gross and net wages, deductions, and allowances, if any, claimed as part of the minimum wage.

94. Defendants willfully failed to provide Plaintiffs with adequate notices and statements as described above in the foregoing paragraphs.

95. As a result of Defendants' failure to furnish the wage notices pursuant to N.Y. Lab. Law § 195(1), each of the plaintiffs is entitled to a maximum recovery of $5,000 for this violation, as well as attorneys' fees and costs, pursuant to N.Y. Lab. Law § 198(1)(b).

96. As a result of Defendants' failure to furnish the wage statements pursuant to N.Y. Lab. Law § 195 (3), each of the plaintiffs is entitled to a maximum recovery of $5,000 for this violation, as well as attorneys' fees and costs, pursuant to N.Y. Lab. Law § 198(1)(d).

**JURY TRIAL DEMAND**

97. Plaintiffs request a jury trial on all issues of fact and damages arising herein.

**PRAYER FOR RELIEF**

WHEREFORE, the Named Plaintiffs, on behalf of themselves and all other members of the FLSA Collective, respectfully request that this Court grant the following relief:

a. That, at the earliest possible time, Named Plaintiffs be allowed to give notice of this collective action, or that the court issue such notice, to all persons who are presently, or have at any time during the six years immediately preceding the filing of this suit, up through and including the date of this court's issuance of court-supervised notice, been employed by Defendants as non-exempt employees. Such notice shall inform them that this civil action has been filed, of the nature of the action, and of their right to join this lawsuit if they believe they were denied proper minimum hourly compensation, overtime compensation wages and/or spread-of-hours pay;

b. A declaratory judgment that the practices complained of herein are unlawful under the FLSA and NYLL;

c. Appropriate equitable and injunctive relief to remedy Defendant's violations of the FLSA and NYLL, including but not limited to an order enjoining Defendant from continuing its unlawful practices, policies and patterns set forth herein;

d. An award of monetary damages to be determined at trial for wages owed, unpaid overtime and spread-of-hours compensation, Wage Theft Prevention Act penalties, liquidated damages and all other monies owed to Plaintiffs;

e. An award of prejudgment and post judgment interest;

f. An award of attorneys' fees and costs of this action;

g. Such other and further relief as this Court deems just and proper.

Dated: New York, New York
September 5, 2017

Respectfully submitted,

**ARENSON, DITTMAR & KARBAN**

_____
By: Steven Arenson
200 Park Avenue, Suite 1700
New York, New York 10166
Tel:   (212) 490-3600
Fax:   (212) 682-0278
Attorneys for Plaintiffs